[Cite as *State v. Dixon*, 2014-Ohio-1474.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 MA 87 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| THOMAS DIXON, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 13CR53.

JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503

For Defendant-Appellant:         Attorney Ronald Yarwood
                                 42 North Phelps Street
                                 Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated:  March 31, 2014

VUKOVICH, J.

{¶1}    Defendant-appellant Thomas Dixon, Jr. appeals from his conviction and sentence entered in the Mahoning County Common Pleas Court for aggravated robbery.  Appointed counsel filed a no merit brief and requested leave to withdraw.  A review of the case file and brief reveals that there are no appealable issues.  Accordingly, appointed counsel's motion to withdraw is granted and the conviction and sentence are hereby affirmed in all respects.

## Statement of the Case

{¶2}    On January 31, 2013, Dixon was indicted for aggravated robbery in violation of R.C. 2911.01(A)(1)(C), a first-degree felony.  Dixon initially pled not guilty to the offense, but later, in conjunction with a plea agreement with the state, withdrew that plea and entered a guilty plea to the indicted offense.  As part of the plea agreement, the state agreed to recommend community control with alcohol abuse counseling. After a plea colloquy, the trial court accepted the guilty plea and the matter was set for sentencing.  03/22/13 Plea Tr. 10.

{¶3}    At the sentencing hearing, the state recommended community control with alcohol abuse counseling and provided reason for such recommendation. 05/10/13 Sentencing Tr. 2-5.  Counsel for Dixon then provided his own reasoning for why the trial court should follow the recommended sentence.  05/10/13 Sentencing Tr. 7-10.

{¶4}    After considering the arguments, the trial court did not follow the recommendation.   Rather, it imposed a four-year sentence for the conviction. 05/10/13 Sentencing Tr. 13; 05/14/13 J.E.

{¶5}    Dixon timely appealed.  After reviewing the record, appointed counsel filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

## Analysis

{¶6}    When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief.  *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967).   In this

district, it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶7}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

> 3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
>
> 4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
>
> 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
>
> * * *
>
> 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶8}** The no merit brief was filed by counsel on September 23, 2013. On October 9, 2013, this court informed Dixon of counsel's no merit brief and granted him 30 days to file his own written brief. Dixon did not file a brief. Thus, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous. Our review will address whether the plea was entered knowingly, intelligently and voluntarily and whether the sentence complies with the law.

## 1. Plea

{¶9} Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard,* 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

{¶10} The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

{¶11} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Dixon was informed and indicated that he understood that

by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor and his right to have the state prove beyond a reasonable doubt every element of the indicted offenses. 03/22/13 Plea Tr. 4-5. He was also informed and stated he understood that if he went to trial he could not be compelled to testify against himself. 03/22/13 Plea Tr. 5.

{¶12} Likewise, this trial court's advisement as to the nonconstitutional rights substantially complied with Crim.R. 11(C). Dixon was advised that he was charged with aggravated robbery and was informed of the elements of that charge. 03/22/13 Plea Tr. 3-4. He was informed of the maximum penalty involved for the offense; a first-degree felony carries a maximum prison term of 11 years, a maximum fine of $20,000.00 and a mandatory five-year term of postrelease control following completion of the sentence. 03/22/13 Plea Tr. 6–8. *See also* R.C. 2929.14(A)(1) (maximum term for a first-degree felony); R.C. 2929.18(A)(3)(a) (maximum fine for a first-degree felony); R.C. 2967.28(B)(1) (postrelease control). The trial court further advised Dixon that upon accepting the guilty plea it could proceed immediately to sentencing. 03/22/13 Plea Tr. 6.

{¶13} Therefore, since the trial court made all the required advisements there are no errors in the Crim.R. 11(C) colloquy and thus, there are no appealable issues concerning the plea. The record confirms that the plea was intelligently, voluntarily, and knowingly entered.

### 2. Sentencing

{¶14} We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Hill*, 7th Dist. No. 13MA1, 2014-Ohio-____, ¶ __; *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St .3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the

sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

{¶15} Dixon pled guilty to aggravated robbery, a first-degree felony. The court sentenced him to a four-year sentence. 05/10/13 Sentencing Tr. 13. He was also informed that following his release from prison he would be subject to an additional five-year term of postrelease control. 05/10/13 Sentencing Tr. 14-15. This sentence is within the sentencing range of 3, 4, 5, 6, 7, 8, 9, 10 and 11 years that is permitted by R.C. 2929.14(A)(1) for a first-degree felony. Likewise, the postrelease control advisement is correct; R.C. 2967.28(B)(1) indicates that he is subject to a five-year term of postrelease control.

{¶16} At the sentencing hearing and in the judgment entry, the trial court indicated that it considered all applicable statutes when determining the appropriate sentence. In the Judgment Entry it stated:

> The Court has reviewed ORC §§2929.11, 2929.13 and 2929.14 as it applies to Defendant.
>
> The Court considered the record, presentence investigation report, oral statements and the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code § 2929.12. The Court finds that Defendant is not amenable to a community control sanction.

05/14/13 J.E.

{¶17} Likewise, statements made during the sentencing hearing also indicate that the trial court considered R.C. 2929.11, 2929.12, and 2929.13 when imposing the four-year sentence. 05/10/13 Sentencing Tr. 11-13.

{¶18} Thus, the record discloses that the trial court did consider and comply with all applicable statutes in issuing the sentence. The sentence is not clearly and convincingly contrary to law.

{¶19} Our analysis next turns to whether the trial court erred in determining that a four-year sentence was appropriate. At this point it is noted that the state

recommended community control and provided reasons for such recommendation. Some of the reasons were that the victim was not hurt, the victim does not think he should spend any more time in jail, the victim does not perceive Dixon as a threat, Dixon was drunk at the time of crime, and Dixon does not have a violent or extensive criminal record. 05/10/13 Sentencing Tr. 2-5. Dixon's attorney, likewise, argued for a community control sanction. He indicated that Dixon has been attending drug and alcohol counseling, just obtained a job, and that Dixon moved so that he could live in a sober environment. 05/10/13 Sentencing Tr. 7-10. When Dixon spoke he indicated that he was sorry and that he wished he could take it back. 05/10/13 Sentencing Tr. 11.

{¶20} Despite both parties' arguments and requests for community control sanctions, the trial court did not follow the recommendation. Instead, it ordered a four-year sentence. The act of not following the state's recommendation and ordering a stiffer penalty does not, in and of itself, render the sentence clearly and convincingly contrary to law or show that the trial court abused its discretion. Trial courts generally are not a party to the plea negotiations and the contract itself. *State v. Vari,* 7th Dist. No. 07MA142, 2010–Ohio–1300, ¶ 24. Thus, "the court is free to impose a sentence greater than that forming the inducement for the defendant to plead guilty so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *Id.,* citing *State v. Martinez,* 7th Dist. No. 03MA196, 2004–Ohio-6806, ¶ 8. That said, we have explained that once the trial court enters into the plea agreement by making a promise, it becomes a party to the agreement and is bound by the agreement. *Vari* at ¶ 24.

{¶21} Here, Dixon was advised of the maximum penalty involved and was advised multiple times that the trial court was not required to follow the recommendation. 03/22/13 Plea Tr. 6–7 (sentencing up to the court and maximum penalty); 05/10/13 Sentencing Tr. 6-7 ("sentencing is always up to the court"). Furthermore, the record does not indicate that the trial court was a party to the plea

agreement. Thus, there is nothing in the record to suggest that the trial court was bound, for any reason, by the recommendation.

{¶22} The record also indicates that the trial court's decision to deviate from the recommendation and order a four-year sentence was not an abuse of discretion or contrary to law. The trial court considered and weighed all factors when it was determining the appropriate sentence. The court considered the fact that the crime is a first-degree felony and that the victim was wheelchair bound and taking oxygen. 05/10/13 Sentencing Tr. 11-12. It also took into account that Dixon had previously been in and out of drug programs, including substance abuse training in a veteran's center. 05/10/13 Sentencing Tr. 12. The trial court also contemplated the facts as they were set forth in the police report.

{¶23} That report indicated that this incident occurred over a $10 loan that Dixon had made to the victim, who allegedly was his ex-girlfriend. He threatened her with a box cutter and said something to the effect of "Bitch, give me the motherfucking money." When she told him she could not and reached for her phone, he allegedly said, "I don't care who you call; I'll kill your motherfucking ass." 05/10/13 Sentencing Tr. 12; police report attached to PSI. When the police went to his apartment and asked him about the incident, the box cutter was found on his person. He told the police that he was "having kinky sex" with the victim and "somehow the knife was involved." Dixon claimed that the victim owed him even more money for sexual favors. He further advised the officers that he was just angry because he had recently been laid off from work and that he knew the victim had spent his money on "crack." Police report attached to PSI.

{¶24} In light of all the above, including the recommended sentence, the trial court concluded:

> So taking everything into consideration, and the risk factor involved which has been determined to be moderate [by the PSI], and also the chances of recidivism, this court understands in some respects how a recommendation was made without knowing the factual circumstances. But taking what did transpire into account, it is going to

be the order of the court in following the principles and purposes of sentencing, it's going to be the order of the court, and to protect the public, I might add, that the defendant is going to be sentenced to a four-year stay in the Lorain Correctional Facility.

05/10/13 Sentencing Tr. 13.

**{¶25}** This reasoning taken in conjunction with the record indicates that the trial court did not abuse its discretion or order a sentence that was clearly and convincingly contrary to law.

**{¶26}** Consequently, for all the above reasons there are no appealable sentencing issues.

<u>Conclusion</u>

**{¶27}** For the foregoing reasons, the judgment of the trial court is hereby affirmed. Likewise, counsel's motion to withdraw is granted.


Donofrio, J., concurs.
Waite, J., concurs.